**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1835-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EUGENE SEABROOKS,
a/k/a HABEEB,

     Defendant-Appellant.

_____

Argued January 24, 2019 – Decided February 6, 2019

Before Judges Fuentes and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-11-4358.

Michael R. Schulman argued the cause for appellant (Michael R. Schulman, attorney; Eugene Seabrooks, on the pro se brief).

Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Lucille M. Rosano, of counsel and on the brief).

PER CURIAM

Defendant Eugene Seabrooks appeals from a November 15, 2017 order denying his second post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

I.

In 2002, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), first-degree murder as an accomplice, N.J.S.A. 2C:11-3(a)(1) and (2), and thirteen other offenses. The court imposed an aggregate sentence of two consecutive life terms. We affirmed defendant's convictions and sentence on direct appeal, State v. Seabrooks, No. A-0506-02 (App. Div. Oct. 19, 2007), and the Supreme Court denied his petition for certification, State v. Seabrooks, 195 N.J. 519 (2008).

In June 2008, defendant filed his first PCR petition, which was denied without an evidentiary hearing. We affirmed, State v. Seabrookes,[1] No. A-4071-09 (App. Div. April 21, 2011), and the Supreme Court denied defendant's petition for certification, State v. Seabrookes, 212 N.J. 104 (2012).

---

[1] During the prior criminal proceedings and post-conviction relief proceedings defendant's surname has been variously referenced as "Seabrooks" and "Seabrookes." In our citation to prior opinions concerning defendant, we use the surname employed in the opinions.

A-1835-17T4

The record shows defendant filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of New Jersey for relief from his convictions under 28 U.S.C. § 2254. Defendant moved for discovery of a police report, arguing it would support an alibi defense for one of the murders for which he was convicted. In October 2014, prior to the disposition of the motion, the State provided defendant with the requested report. In a January 8, 2016 order, the District Court stayed the habeas proceeding finding defendant failed to exhaust his state court remedies because he had not asserted a claim in state court that the report constituted newly discovered evidence supporting PCR.

On July 8, 2016, defendant filed his second PCR petition alleging his trial and appellate counsel were ineffective by failing to assert certain alleged defenses on his behalf. In an affidavit submitted to the PCR court, defendant claimed that "[o]n or [a]bout" October 10, 2014, he received a report from the Essex County Prosecutor's Office that he "had been attempting to retrieve . . . for well over a decade" which he alleges "unequivocally demonstrates that he was at the [East Orange Police Department]" at a time which would have made it impossible or improbable that he was present when one of the murders for

which he was convicted occurred.[2]  Defendant argued the report supported an alibi and his trial counsel was ineffective by failing to obtain the report prior to trial and using the report to establish an alibi at trial.

The court denied defendant's second PCR petition.  In a detailed written decision, the court found the petition is time-barred under Rule 3:22-12(a)(2) because it was filed more than one year after defendant received the report he claims provides the new factual predicate for his PCR claim.  The court further found the report does not support an alibi defense or defendant's PCR claim because it does not include any information showing defendant was actually present at the East Orange Police Department or was otherwise involved in making the alleged robbery report.  The court entered an order denying defendant's petition.  This appeal followed.

---

[2]  The "report" is a computer screen printout which defendant argues shows he made a report of a robbery at the East Orange Police Department at "02:33" on October 20, 1994.  The report does not: refer to defendant; state if the alleged report was made at the police station, another location or called in over the telephone; identify the person making the alleged report; or provide any details concerning the alleged robbery.  Moreover, the report is untethered to an affidavit or certification explaining the report's entries.  See State v. Jones, 219 N.J. 298, 312 (2014) (finding PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth" the facts relied upon to establish the claim for relief); see also R. 1:6-6; N.J.R.E. 901; Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 600 (App. Div. 2011) (finding that a document annexed to a brief is not authenticated without "an affidavit or certification based on personal knowledge").

Defendant offers the following arguments in his pro se brief:

POINT A

THE PCR MOTION WAS NOT TIME-BARRED PURSUANT TO [R.] 3:22-12 BECAUSE ANY DELAY TO EXCUSABLE NEGLECT, AND THE STATE'S CONTRARY ARGUMENTS SIMPLY IGNORES THE UNIQUE FACTS AND CIRCUMSTANCES OF THIS CASE[.]

POINT B

THE PCR COURT [ERRED] WHEN IT FAILED TO RULE ON THE MERITS OF DEFENDANT'S SUBMITTED CLAIM OF AN ILLEGAL ARREST WARRANT THAT LED TO THE CONVICTION OF AN INNOCENT MAN.

POINT C

THE PCR COURT [ERRED] WHEN IT FAILED TO RULE ON THE MERITS OF DEFENDANT'S ACTUAL INNOCENCE CLAIM AND REMAINDER OF HIS PCR CLAIMS SUBMITTED[.]

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

A-1835-17T4

We have carefully considered defendant's arguments and find they are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons in the PCR court's written opinion. We add only the following brief comments.

"[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless: (1) [they are] timely under Rule 3:22-12(a)(2)[.]" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div.) (fourth alteration in original) (quoting R. 3:22-4(b)), certif. denied, 236 N.J. 35 (2018). Rule 3:22-12(a)(2) provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[R. 3:22-12(a)(2).]

Defendant's second PCR petition is untimely under Rule 3:22-12(a)(2)(A) because his claim is not founded on a "newly recognized" constitutional right.  In addition, to the extent defendant's petition might be broadly read to suggest he seeks PCR based on the alleged ineffective assistance of counsel on his first PCR petition, his petition is untimely because it was not filed within one year of the 2010 order denying his first petition.  See R. 3:22-12(a)(2)(C).

Defendant's PCR petition is also untimely under Rule 3:22-12(a)(2)(B).  He claims his receipt of the report in October 2014 provided a new factual predicate for PCR, but he failed to file his second PCR petition within one year of his "discovery" of the report.  See R. 3:22-12(a)(2)(B).  Instead, he filed his second petition in July 2016, twenty-one months after his discovery of the purported new factual predicate and nine months after the deadline imposed by Rule 3:22-12(a)(2)(B) for the filing of a second PCR petition based on such a discovery.

The time bar imposed under Rule 3:22-12(a)(2) may not be ignored or relaxed.  Jackson, 454 N.J. Super. at 292-94; see also R. 1:3-4 (providing that "[n]either the parties nor the court may . . . enlarge the time specified by . . . R. 3:22-12").  Defendant's claim of excusable neglect for his failure to timely file his second PCR petition provides no refuge from the denial of his petition because unlike Rule 3:22-

12(a)(1)(A), which applies to the filing of a first PCR petition, Rule 3:22-12(a)(2) does not allow relief from the mandatory time bar based on excusable neglect. See Jackson, 454 N.J. Super. at 293-94 (explaining that Rule 3:22-12(a)(1)(A), which allows for the late filing of a first PCR petition where excusable neglect and a fundamental injustice are shown, "has no application to second or subsequent petitions"). Thus, defendant's second PCR petition was properly dismissed as mandated by Rule 3:22-4(b)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION